# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ABDULRAHMAN M. HUSSEIN,<br><br>              Plaintiff,<br>v.<br><br>JBS GREEN BAY, INC.,<br><br>              Defendant. | Case No. 25-CV-1000-JPS<br><br>**ORDER** |

      Plaintiff Abdulrahman M. Hussein ("Plaintiff"), acting pro se, filed a complaint related to injuries he sustained while working for his employer, Defendant JBS Green Bay, Inc. ("Defendant"). ECF No. 1. Plaintiff also filed a motion to proceed without prepaying the filing fee, also known as in forma pauperis. ECF No. 2. Plaintiff was confined at Brown County Jail when he filed his complaint but has since been released. *See* Aug. 20, 2025 docket entry; ECF No. 8. This Order resolves Plaintiff's motion to proceed in forma pauperis and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account, *id.*, or if the prisoner is released—as is true here—he must pay the balance of the filing fee as he is able over time.

On July 31, 2025, the Court ordered Plaintiff to pay an initial partial filing fee of $14.33. ECF No. 7. Plaintiff paid that fee on August 12, 2025. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee, $335.67, as he is able over time.

2. SCREENING THE COMPLAINT

    2.1    Federal Screening Standard

When a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of*

*Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 2.2 Plaintiff's Allegations[1]

Plaintiff alleges that he began working at Defendant in March 2019. ECF No. 1 at 2. He details two instances where he was injured on the job. First, in October 2019, Plaintiff was completing his "regular job, removing cow heads with [his] knife, when one of the other workers was late coming [back] from [their] break." *Id.* Plaintiff's supervisor had Plaintiff "rushing to keep up with the pace of the line" while they were down a worker. *Id.* There were just two of them at that time "doing the work designed for three

---

[1] For brevity, citations within this section are omitted in later analysis.

people." *Id.* It was at that point that Plaintiff "cut [his] finger removing the horns [from a cow] with the machine blade." *Id.* at 2.

The second incident occurred on May 18, 2021; Plaintiff alleges that he was "still healing" (presumably from his first injury) at this point. *Id.* at 3. The second injury occurred in the same area of his workplace as the first, but this time "another employee, not paying attention, sliced [Plaintiff's] forearm with his knife." *Id.*

Plaintiff alleges that "[b]oth of these injuries could have been avoided." *Id.* Due to these injuries, Plaintiff claims he can "no longer do [his] job," has lifelong complications, and is "still suffering and in pain to this day." *Id.* Plaintiff does not mention whether he faced any consequences at his employer, Defendant, due to his injuries or inability to do his job as before.

Plaintiff purports to both sue for a violation of federal law under 28 U.S.C. § 1331 and for violations of state law due to diversity of citizenship under 28 U.S.C. § 1332. *Id.* at 4. He seeks a monetary award of $500,000 per injury, totaling $1,000,000 and equitable relief related to Defendant's training and staffing practices. *Id.*

### 2.3    Analysis

Plaintiff's allegations are sparse, but reading his complaint liberally, —as it must do, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)—the Court discerns a potential claim under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101 et seq., and the Wisconsin Worker's Compensation Act, Wisconsin Statutes chapter 202. The Court will analyze the ADA claim and the Wisconsin Worker's Compensation Act claim separately.

### 2.3.1 ADA Claim

To state a claim under the ADA, a plaintiff "must allege that he is disabled within the meaning of the [ADA], is nevertheless qualified to perform the essential functions of the job either with or without reasonable accommodation, and has suffered an adverse employment action because of his disability." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015) (citing *Gogos v. AMS Mech. Sys., Inc.*, 737 F.2d 1170, 1172 (7th Cir. 2013)). Plaintiff alleges that, as a result of his accident, he can "no longer do [his] job." ECF No. 1 at 3. If so, Plaintiff is disqualified from advancing any ADA claim because, to state a claim, one must be able to "perform the essential functions of [his] job either with or without reasonable accommodation". *Tate*, 809 F.3d at 345 (citing *Gogos*, 737 F.2d at 1172). Further, Plaintiff does not allege any facts about what actions, if any, Defendant took against Plaintiff due to his injuries. Did Defendant fire Plaintiff? Limit his hours? This information is essential to stating a claim under the ADA.

Further, even if Plaintiff could amend his complaint to properly plead these details, his claim would likely nevertheless be barred by the applicable statute of limitations. The ADA "does not contain its own limitation period," but rather adopts "the most appropriate state limitations period." *Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 1031, 1037 (7th Cir. 2021) (quoting *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013)). Therefore, any potential ADA claim Plaintiff could allege would be subject to Wisconsin's three-year statute of limitations for personal injury claims. *Nash v. Aurora Health Care, Inc.*, No. 24-CV-348-JPS, 2024 WL 1675061, at *5 (E.D. Wis. Apr. 18, 2024) (citing WIS. STAT. § 893.54). Because Plaintiff's injuries occurred in October 2019 and May 2021, any associated claims most likely fall outside of the three-year limitations period. It is possible, however, if unlikely, that Defendant took some adverse

employment action against Plaintiff on or after July 10, 2022 that related to either one or both of his injuries.

Accordingly, the Court will permit Plaintiff to amend his complaint to resolve these deficiencies and state a claim under the ADA, if he believes his circumstances fit the above criteria and are within the appropriate timeframe. If Plaintiff chooses to amend his complaint, his amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each defendant with notice of what Defendant allegedly did or did not do to violate his rights.

### 2.3.2 Wisconsin Worker's Compensation Act Claim

The Court begins by noting that, while Plaintiff alleges that Defendant is a citizen of Wisconsin, ECF No. 1 at 1, online records instead reveal that it is incorporated in Delaware and has a primary place of business in Colorado. *Corporate Records*, WIS. DEP'T FIN. INSTS., available at https://apps.dfi.wi.gov/apps/corpSearch/Details.aspx?entityID=P030339&hash=1571155589&searchFunctionID=e1ab7452-c111-4c39-bd71-ad4f4982a684&type=Simple&q=JBS+Green+Bay (last visited Nov. 24, 2025).[2] Defendant's citizenship is thus diverse from Plaintiff's, and the amount in controversy exceeds $75,000. ECF No. 1 at 4. Accordingly, the Court has jurisdiction to hear state law claims under 28 U.S.C. § 1332.

Under Wisconsin's Worker's Compensation Act (the "Act"), an employer must compensate its employee when all the following conditions are present: "[1] the employee sustains an injury; [2] at the time of the injury, both the employer and the employee are subject to the Act; [3] at the time of the injury, the employee is performing service growing out of and

---

[2]The Court may take judicial notice of public records, including state records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

incidental to his . . . employment; [4] the injury is not self-inflicted; [and] [5] the accident or disease causing injury arises out of employment." *Graef v. Continental Indem. Co.*, 949 N.W.2d 628, ¶ 11 (Wis. 2021) (citing WIS. STAT. § 102.03(1)(a)–(e)). "Pursuant to Wis. Stat. § 102.03(2), when the conditions of liability in § 102.03(1) are satisfied, the Act provides the exclusive remedy." *Id.* ¶ 13. This is so because "[w]orker's compensation laws are considered the 'grand bargain' 'under which workers, in exchange for compensation for work-related injuries regardless of fault, . . . relinquish the right to sue employers and . . . accept smaller but more certain recoveries than might be available in a tort action." *Id.* ¶ 10 (quoting *County of La Crosse v. WERC*, 513 N.W.2d 579, 583 (1994)).

Plaintiff's allegations, if proven, would satisfy most if not all the conditions of worker's compensation liability under the Act. Plaintiff sustained an injury, which was not self-inflicted, while performing a service incidental to but nonetheless arising out of his employment. *See* WIS. STAT. § 102.03(1). The only open question is whether Plaintiff and Defendant were both subject to the Act at the time Plaintiff sustained his injuries. If so, then Plaintiff's claim must be dismissed because the Act provides the exclusive remedy for his injuries. *See Graef*, 959 N.W.2d ¶¶ 18, 21; *see also Est. of de Ruiz by Ruiz v. ConAgra Foods Packaged Foods, LLC*, 601 F. Supp. 3d 368, 374 (E.D. Wis. 2022). If, however, this condition is *not* met, then Plaintiff may have a viable negligence claim against Defendant.

If Defendant "employ[ed] 3 or more employees for services performed in [Wisconsin]" at the time of Plaintiff's injuries, then it was subject to the Act at that time. WIS. STAT. § 102.04(1)(b)(1); *see also Est. of Torres ex rel. Torres v. Morales*, 756 N.W.2d 662 ¶¶ 6–7 (Wis. Ct. App. 2008). If Plaintiff was "in the service of [Defendant] under any contract of hire, express or implied . . . whether paid by [Defendant] or employee, if

Page 7 of 10
Case 2:25-cv-01000-JPS    Filed 11/24/25    Page 7 of 10    Document 9

employed with the knowledge, actual or constructive, of [Defendant] . . . ." then Plaintiff was subject to the Act at the time. WIS. STAT. § 102.07(4)(a). The Court will permit Plaintiff to amend his complaint to clarify whether both he and Defendant were subject to the Act. To do so, he must state whether Defendant employed three or more employees in October 2019 and May 2021 when he was injured. He must also describe the nature of his employment with Defendant—i.e., did Defendant pay him for his work and was Defendant aware that Plaintiff was working for it? If Plaintiff fails to allege these facts, the Court will presume that the Act applies to Plaintiff's injuries and will dismiss this claim.

**3.     CONCLUSION**

For the reasons stated above, Plaintiff's motion to proceed in forma pauperis will be granted. Because Plaintiff has only paid a portion of the filing fee at this time, and he is no longer incarcerated such that the institution would be responsible for continue payment of the remainder of the fee, Plaintiff must continue to make payments toward the filing fee as he is able.

Further, Plaintiff will be granted the opportunity to amend his complaint by **December 24, 2025** to state a claim against Defendant as described above. Failure to timely amend will result in dismissal of his case without further notice. The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."

Page 8 of 10
Case 2:25-cv-01000-JPS    Filed 11/24/25    Page 8 of 10    Document 9

The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) and *Barnett v. Daley*, 32 F.3d 1196, 1998 (7th Cir. 1994)). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that Plaintiff Abdulrahman M. Hussein's motion for leave to proceed without prepaying the filing fee, ECF. No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff pay the $335.67 remainder of the filing fee to the Clerk of Court as he is able;

**IT IS FURTHER ORDERED** that Plaintiff Abdulrahman M. Hussein may file an amended complaint that complies with the instructions in this Order on or before **December 24, 2025**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case without further notice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff Abdulrahman M. Hussein a blank non-prisoner amended complaint form along with this Order.

Dated at Milwaukee, Wisconsin, this 24th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.