# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ABDULRAHMAN M. HUSSEIN,

Plaintiff,

v.

JBS GREEN BAY, INC.,

Defendant.

Case No. 25-CV-1000-JPS

**ORDER**

In July 2025, Plaintiff Abdulrahman M. Hussein ("Plaintiff"), acting pro se, filed a complaint related to injuries he sustained while working for his employer, Defendant JBS Green Bay, Inc. ("Defendant"). ECF No. 1. The Court screened his complaint in November 2025 and ordered Plaintiff to file an amended complaint to cure deficiencies. ECF No. 9. Plaintiff timely filed two amended complaints that are identical, except for two dates that are slightly changed. ECF Nos. 10, 11. The Court will accordingly consider Plaintiff's Second Amended Complaint, ECF No. 11, as the operative complaint here and will screen it.

The Court perceived two possible claims in Plaintiff's initial complaint—a claim under the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and a claim under the Wisconsin Worker's Compensation Act, Wisconsin Statutes chapter 202. ECF No. 9 at 4. The Court explained that Plaintiff's ADA claim was likely "barred by the applicable statute of limitations," which is three years. *Id.* at 5 (citing *Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 1031, 1037 (7th Cir. 2021) and *Nash v. Aurora Health Care, Inc.*, No. 24-CV-348-JPS, 2024 WL 1675061, at *5

(E.D. Wis. Apr. 18, 2024)). Plaintiff's injuries that gave rise to this suit occurred in October 2019 and May 2021. ECF No. 1 at 2–3; ECF No. 11 at 3. But the Court nevertheless permitted Plaintiff to amend as to this claim in the unlikely event that "Defendant took some adverse employment action against Plaintiff on or after July 10, 2022." ECF No. 9 at 5–6. Plaintiff's Second Amended Complaint makes it clear, however, that the last action Defendant took against him was in September 2021. ECF No. 11 at 3, 5 (describing how Defendant appears to have constructively fired Plaintiff and that it "has not communicated with [Plaintiff] since September 17, 2021"). Therefore, any ADA claim had to be filed by September 2024. Accordingly, Plaintiff's ADA claim, filed in July 2025, is time-barred[1] and the Court will therefore dismiss it with prejudice. *See Curry v. Advocate Bethany Hosp.*, 204 F. App'x 553, 557 (7th Cir. 2006) ("Expiration of a statute of limitations is an affirmative defense, but 'when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit.'" (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002))).

---

[1]While it is true that a plaintiff can, under certain conditions, excuse the untimeliness of his complaint due to tolling or equitable estoppel, there "is no indication that Plaintiff could succeed" in any such argument here. *Nash*, 2024 WL 1675061, at *5. Plaintiff alleges that Defendant "repeatedly assigned [him] work that [he] was not medically cleared to perform" and that his injuries occurred because of Defendant's "failure to follow proper workplace safety procedures." ECF No. 11 at 6. This supports, then, that "a reasonable person in [Plaintiff's] position would have been aware within the limitations period of the possibility that [his] rights ha[d] been violated," which prevents the application of equitable tolling. *Id.* (quoting *Chapple v. Nat'l Starch & Chem. Co.*, 178 F.3d 501, 506 (7th Cir. 1999) and citing *Leon v. FCA US, LLC*, No. 16-cv-3228, 2020 WL 1878732 at *6 (C.D. Ill. Apr. 15, 2020)).

As for Plaintiff's potential claim under the Wisconsin Worker's Compensation Act (the "Act"), the Court finds that it must dismiss the claim. The Court earlier explained that Plaintiff appears to have pled a claim under the Act, but it was unclear from Plaintiff's first complaint if both Plaintiff and Defendant were subject to the Act at the time of Plaintiff's injuries in October 2019 and May 2021. ECF No. 9 at 7. This information was necessary because a claim under the Act must be dismissed when "the conditions of liability . . . are satisfied" because "the Act provides the exclusive remedy." *Graef v. Continental Indem. Co.*, 959 N.W.2d 628, ¶¶ 13, 18, 21 (Wis. 2021) (citing WIS. STAT. § 102.03(1)(a)–(e); other citations omitted). Only if one or more of the Act's conditions are not met would Plaintiff potentially have a viable negligence claim against Defendant. ECF No. 9 at 7. The Court therefore ordered Plaintiff to amend his complaint to plead specific information, namely, "whether Defendant employed three or more employees in October 2019 and May 2021" and whether "Defendant pa[id] Plaintiff for his work and . . . was aware that Plaintiff was working for it" in October 2019 and May 2021. *Id.* at 8.

Plaintiff's Second Amended Complaint still fails to explicitly plead this information, but it does provide enough for the Court to infer that these additional elements are met. First, it mentions a total of four employees that worked for Defendant: (1) Plaintiff himself, (2) Plaintiff's colleague who accidentally injured him in the forearm, (3) Plaintiff's supervisor, "Mr. Jaime," and (4) the Human Resources manager, "Mr. Miguel." ECF No. 11 at 2. It is therefore clear that Defendant had at least three employees at the time of Plaintiff's injuries. As to the second piece, Plaintiff's Second Amended Complaint makes clear that he worked at Defendant for two and a half years—from March 2019 to September 2021, *see id.* at 2, 4—and

because it is highly unlikely that Plaintiff worked for that amount of time, and interacted with Human Resources, without either a formal or informal employment agreement, the Court will also infer that Defendant was regularly paying Plaintiff during that time. In any event, in its first screening order the Court warned Plaintiff that if his amended complaint "fail[ed] to allege" the required information, "the Court [would] presume that the Act applies to Plaintiff's injuries and dismiss" the claim. *Id.* at 8.

Any potential recovery for Plaintiff surrounding his injuries is therefore exclusively covered under the Act; he may attempt to recover through the Department of Workforce Development's processes. *See Worker's Compensation for Workers*, DEP'T OF WORKFORCE DEV., available at https://dwd.wisconsin.gov/wc/workers/ [https://perma.cc/K3A6-G34P] (last visited Apr. 2, 2026). For all these reasons, then, the Court will dismiss with prejudice Plaintiff's claim under the Act. While normally the Court grants a self-represented party leave to attempt to amend his complaint to cure the deficiencies identified, it need not grant leave when "any amendment would be futile or otherwise unwarranted . . .". *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (quoting *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). The Court has already granted Plaintiff leave to amend his complaint to cure the deficiencies noted above, *see* ECF No. 9 at 5–9, and while Plaintiff did timely amend his complaint, his Second Amended Complaint only clarifies that his claims must be dismissed with prejudice. Any amendment would therefore be futile.

Accordingly,

**IT IS ORDERED** that this case be the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

Case 2:25-cv-01000-JPS    Filed 04/30/26    Page 5 of 5    Document 12